Singh v. Garland

BIA
Thompson, IJ
A208 565 197

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

SANDEEP SINGH,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

20-1614
NAC

_____

FOR PETITIONER: Mercedes Altman, Law Office of Mercedes Altman, Westbury, NY.

FOR RESPONDENT: Brian Boynton, Assistant Attorney General; Zoe J. Heller, Senior

Litigation Counsel; Enitan O. Otunla, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sandeep Singh, a native and citizen of India, seeks review of an April 20, 2020 decision of the BIA, affirming a July 12, 2018 decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sandeep Singh*, No. A208 565 197 (B.I.A. Apr. 20, 2020), *aff'g* No. A208 565 197 (Immigr. Ct. N.Y. City July 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered the decision of the IJ as modified by the BIA, i.e., minus the burden finding the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence, *see Hong Fei Gao v. Sessions*, 891 F.3d

2

67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's determination that Singh was not credible as to his claim that members of the Akali Dal Badal ("Badal") Party

3

beat and threatened to kill him if he did not leave the Simranjit Singh Mann ("Mann") Party and join them.

The agency reasonably relied in part on the inconsistency between Singh's application and testimony regarding whether Badal Party members first told him to leave his party in September 2014, which was the month he joined the Mann Party, or in January 2015, which was the month he was allegedly first attacked. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Rather than provide a compelling explanation for this inconsistency, Singh became evasive and repeatedly changed his testimony as to whether the first encounter occurred in September or in January. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). We do not reach Singh's argument that the inconsistency was a result of difficulties in translation because he did not exhaust that allegation before the agency. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 122 (2d Cir. 2007). In any event, this explanation would not resolve the inconsistency identified by the agency, since

4

the translation difficulties alleged by Singh concerned the inconsistency between his application and his initial testimony, whereas the agency took issue with the internal inconsistencies that existed within Singh's testimony.

The agency also reasonably relied on the fact that the affidavit submitted by Singh's mother in support of his application made no mention of the alleged murder of Singh's father by Badal Party members. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Hong Fei Gao*, 891 F.3d at 78–79. Although "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," the agency may rely on the omission of facts "the witness would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78. Because Singh's mother stated that Badal Party members had come to their family home and harassed them about Singh's whereabouts, it was reasonable for the agency to expect that she would have revealed that her husband was murdered in one of those visits. *See id.* Singh's explanation that his mother described only what happened to Singh was belied by her affidavit, which also discussed the Badal Party harassing *her*. *See Majidi*, 430 F.3d at 80.

5

The agency also reasonably found implausible Singh's testimony that there were no press reports of his father's murder because the press does not report the Badal Party's criminal activities. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is supported by the record, which includes articles discussing Badal Party members' criminal acts and states that there is an independent media that expresses a variety of views without restriction. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (holding that we will uphold IJ's inference so long as it is "tethered" to "record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

The inconsistencies, omission, and implausibility constitute substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165–66; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual

6

predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

We lack jurisdiction to consider Singh's challenge to the BIA's decision to resolve his appeal in a single-member decision. *Kambolli v. Gonzales*, 449 F.3d 454, 464–65 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7